## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**ROGER THOMSON.,**

     **Plaintiff,**

                           **Case Number: 8:20-cv-3121**

**v.**

**AMAZON.COM SERVICES LLC.,**

     **Defendant.**

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Roger Thomson, by and through his undersigned counsel, hereby brings this action against Defendant, Amazon.com Services LLC., for the recovery of damages in the form of unpaid overtime wages owed to Plaintiff by Defendant. Plaintiff brings this action before the Court and against Defendant pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201-216 (the "FLSA"). Plaintiff seeks to recover unpaid overtime wages, liquidated damages, attorney's fees, and costs. In further support of Plaintiff's claim, Plaintiff states as follows:

Parties

1.     Plaintiff is a qualified male and resident of Hillsborough County, Florida and was employed by Defendant as a manual laborer and was hired to perform maintenance at Defendant's Ruskin, Florida facility.

2.     Plaintiff was hired by Defendant as a non-exempt, manual laborer who was paid $30.00 per hour by Defendant.

3.     Defendant is a for-profit foreign corporation engaged in the online retail industry.

1

## Jurisdiction

4.      Defendant is a foreign, for-profit corporation enterprise operating and conducting business in in Hillsborough County, Florida.

5.      Defendant provides online retail and delivery services throughout Hillsborough County, Florida and other surrounding counties in Central Florida.

6.      Plaintiff is a Florida resident who resides in Hillsborough County, Florida.

7.      Plaintiff was employed by Defendant in Hillsborough County, Florida.

8.      The events giving rise to this action occurred in Hillsborough County Florida.

9.      Jurisdiction and venue are proper in the Middle District of Florida – Tampa Division because Defendant is headquartered in the Middle District of Florida.

## Factual Allegations

10.     Plaintiff was paid by Defendant as an hourly, non-exempt laborer.

11.     Plaintiff was paid on an hourly basis and not subject to any exemptions under the FLSA.

12.     Plaintiff was employed by Defendant from 2014 until 2020.

13.     During the entirety of Plaintiff's employment, Plaintiff regularly and routinely worked more than 40 hours in a single workweek.

14.     Plaintiff was not paid at least one-and-one-half times his regular rate for all hours worked beyond 40 in a single workweek for Defendant.

15.     Plaintiff was an hourly, non-exempt employee not subject to any exemptions or exceptions under the FLSA and was entitled to be paid premium wages for all hours worked beyond forty (40) in a single workweek.

16.    Plaintiff was engaged by Defendant to work as a laborer during the three (3) years prior to the initiation of this lawsuit.

17.    Defendant owns and operates an online retail and delivery service known as "Amazon.com Services LLC."

18.    Defendant engaged in an illegal policy of requiring Plaintiff to work more than 40 hours in a single workweek and did not allow Plaintiff to properly record all of his hours worked.

19.    Defendant prevented Plaintiff from recording all hours worked by Plaintiff during his employment with Defendant.

20.    Specifically, Defendant told Plaintiff that he was prohibited from recording all of his working hours and that Plaintiff was limited to 40 hours per week. However, Plaintiff worked more than 40 hours in an open and obvious manner as it was required to complete the tasks assigned to him by Defendant.

21.    Plaintiff regularly and routinely began working before clocking in and continued working after clocking out.

22.    Before Plaintiff clocked in for work, Plaintiff reviewed emails and assigned work to individuals, all while at Defendant's facility in full view of Jose Soto and others.

23.    Defendant's time-shaving was done in order to avoid paying Plaintiff's overtime wages.

24.    Because Plaintiff was told that he could not work more than 40 hours "on the clock," Plaintiff would clock out at the conclusion of his scheduled work day and then return to work in Defendant's facility. Defendant was aware that Plaintiff continued to work after clocking out as it was done in an open and obvious manner with Defendant's assent.

25.     Plaintiff routinely worked more than 40 hours in a single workweek. However, many of Plaintiff's working hours were not properly recorded or removed from Plaintiff's timesheets by Defendant.

26.     Defendant failed to pay Plaintiff overtime pay at the premium rate for all hours worked beyond 40 in a single workweek.

27.     As a result, Plaintiff often performed work beyond 40 hours in a single workweek for which he was not properly compensated.

28.     Plaintiff worked for Defendant in Hillsborough County, Florida.

29.     Instead of paying overtime wages, Defendant circumvented the FLSA by failing to pay Plaintiff's overtime wages, even though Plaintiff's habitually worked up to 45 hours a week or more.

30.     Plaintiff was not always paid time and a half for all hours worked over forty in any given week.

31.     As of this date, Plaintiff has still not been paid the entirety of his wages and has not been compensated for the full extent of his damages and wage loss under the FLSA.

32.     Defendant was aware that Plaintiff traveled on behalf of Defendant and in accordance with Defendant's requests, however, Defendant intentionally refused to pay Plaintiff for the time he spent traveling during his regular workday.

33.     Plaintiff's job as an air maintenance worker required him to maintain and repair Defendant's machinery and equipment within Defendant's facility. Plaintiff maintained and repaired Defendant's machinery and equipment with tools and materials that have been shipped to Florida from other states.

34.    Additionally, Defendant's operation as an online retailer and delivery services causes Defendant to regularly ship items and deliver goods across stateliness. Defendant also advertises on television and the internet which crosses state lines.

35.    Plaintiff seeks full compensation, including liquidated damages because Defendant's conduct in extracting additional work from Plaintiff without compensating Plaintiff for all hours worked.

36.    Plaintiff seeks full compensation, including liquidated damages because Defendant's conduct in refusing to compensate Plaintiff for the time he spent traveling on Defendant's behalf and at Defendant's behest was a calculated attempt to extract additional work from Plaintiff to benefit Defendant.

37.    Defendant is a for profit corporation that operates and conducts business in, among others, Hillsborough County, Florida, and is therefore, within the jurisdiction of the Court.

38.    Defendant, at all relevant times to this complaint, was Plaintiffs' employer as defined by 29 U.S.C. § 203(d). Plaintiff was an individual covered under the FLSA as he performed duties and responsibilities that involved commerce and/or the production of goods for commerce in the air conditioning industry as Defendant operates as "Amazon.com Services LLC."

39.    Plaintiff routinely traveled along high ways and byways to install repair and air conditioning units at various locations for Defendant.

40.    Plaintiff routinely used products, tools, and materials that do not originate within the State of Florida.

41.    Plaintiff routinely utilizes tools and installs equipment that originated out-of-state.

42.    This action is brought under the FLSA to recover from Defendant, unpaid wages in the form of overtime wages, liquidated damages, and reasonable attorneys' fees and costs.  This

action is intended to include each and every hourly employee who worked for Defendant at any time within the past three (3) years.

43.     The Court has jurisdiction over Plaintiff's claims as all material events transpired in Hillsborough County, including those brought pursuant to 28 U.S.C. § 1337 and the FLSA.

44.     At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).  Upon information and belief, including Plaintiff's experience with Defendant as well as the sheer size of Defendant's organization suggest that the Defendant are a multi-million-dollar operation that has considerable expertise in the online and retail and delivery sector.  Accordingly, Plaintiff alleges that enterprise coverage is present in this case because Defendant has an annual volume of at least $500,000.00 in revenue and has two or more employees that handle goods in commerce, including materials and supplies, whom also use telephones, fax machines and other instrumentalities of commerce.

45.     Defendant advertises its services online, regularly orders goods and materials from out of state vendors, and accepts and processes credit card payments from banks located outside of Florida.

46.     At all material times relevant to this action, Plaintiff in his capacity as an employee was individually covered by the FLSA. This would include to doing hourly work as a laborer, without managerial responsibility and traveling along highways and byways . Plaintiff did not bear supervisory responsibility for any other employees. Plaintiffs did not regularly direct the hiring and firing of any employees. Plaintiff did not participate in the creation of budgets or maintain the production of sales nor did Plaintiff plan or control the budget of the Defendant's in any way. Plaintiff did not implement legal compliance measures.

47.     At all times relevant to this action, Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiffs performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiffs for all hours worked during his employment. Plaintiff worked over 40 hours per nearly every week during their employment with Defendant. The off the clock work that Plaintiff were directed to do was intentional and was designed to extract additional hours of labor out of Plaintiff for the benefit of the Defendant, who then refused to pay Plaintiff and those similarly situated premium wages. Notably, Defendant is in exclusive possession of the majority of relevant records in this case, including payroll records and schedules and other documentation that might reasonably assist Plaintiff with providing even greater specificity regarding the precise weeks that Plaintiff worked more than 40 hours.  Plaintiff alleges that he routinely worked in excess of 40 hours per week, including time for which Defendant made no provisions to properly record.

48.     Defendant failed, refused and/or neglected to keep accurate time records pursuant to 29 U.S.C. § 211(c) of Plaintiff's, and others similarly situated to him, true hours of work.

## COUNT I – RECOVERY OF OVERTIME WAGES COMPENSATION

49.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-48, above.

50.     Plaintiff, and those similarly situated to him, are/were entitled to be paid his regular rate of pay for each hour worked per work week as well as premium wages for those hours worked over forty.

51.     During his employment with Defendant, Plaintiff, and those similarly situated to him, regularly worked overtime hours each week in which they were not paid at the correct rate of pay.

52.     In Plaintiff's case, he routinely performed labor beyond 40 hours in a single week, with Defendant's full knowledge and assent for the sole benefit of Defendant, and was not paid for the hours he worked.

53.     As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to him, their correct premium rate of pay for each hour worked beyond 40 in one or more work weeks, Plaintiff, and those similarly situated to him, have suffered damages plus incurring reasonable attorneys' fees and costs.

54.     As a result of Defendant's willful violation of the FLSA, Plaintiff, and those similarly situated to him, are entitled to payment of the unpaid wages under Florida law, as well as liquidated damages under the FLSA.

WHEREFORE, Plaintiff demands a trial by jury and judgment against Defendant, including, but not limited to, reimbursement of an amount equal to the loss of minimum wages, overtime wages, and liquidated damages, together with costs and attorney's fees pursuant to the FLSA, and such other further relief as this Court deems just and proper.

DATED this 31st day of December, 2020,

**/S/ Kyle J. Lee**
Kyle J. Lee, Esq.
FLBN: 105321
LEE LAW, PLLC
1971 West Lumsden Road, Suite 303
Brandon, FL 33511
Telephone: (813) 343-2813
Kyle@KyleLeeLaw.com