UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROGER THOMSON,

    Plaintiff,

v.                             Case No. 8:20-cv-3121-VMC-CPT

AMAZON.COM SERVICES LLC,

    Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to the parties' Joint Motion for Approval of Settlement (Doc. # 31), filed on April 26, 2021. For the reasons set forth below, the Motion is granted.

**I.   Background**

Plaintiff Roger Thomson filed this Fair Labor Standards Act (FLSA) case against his former employer, Amazon.com Services LLC, on December 31, 2021, alleging violations of the overtime provisions of the FLSA. (Doc. # 1). On January 11, 2021, the Court entered its FLSA Scheduling Order. (Doc. # 9). The parties mediated the dispute on March 16, 2021, before Carlos J. Burruezo, Esq. (Doc. # 25). Mr. Burruezo then filed his mediation report, indicating that the "case ha[d] been completely settled." (Id. at 1). Thereafter, the

Court entered an order directing the parties to file their motion for court approval of the settlement by March 29, 2021. (Doc. # 26). Upon the parties' request, the Court extended the deadline to April 26, 2021. (Doc. ## 27; 29; 30).

On April 26, 2021, the parties filed their motion for court approval of the settlement, including a copy of the settlement agreement. (Doc. ## 31; 31-1). The Motion is now ripe for review.

## II.  Discussion

Thomson alleges that Amazon.com violated the overtime provisions of the FLSA. (Doc. # 1 at ¶¶ 49-54). Accordingly, any settlement reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). The parties reached a settlement wherein it was agreed that Thomson would receive "$4,500, less applicable withholdings, representing alleged back wages under the FLSA" and "$4,500, representing alleged liquidated damages under the FLSA." (Doc. # 31 at ¶ 6). According to the Motion, Thomson "acknowledges that the settlement amounts represent fair recoveries for his claims." (Id. at 5).

Additionally, the parties have agreed that Thomson's counsel will receive "attorney's fees and costs of $4,500."

(Id. at ¶ 8). In their Motion, the parties represent that the "attorney's fees and costs were negotiated separately" from Thomson's recovery of unpaid wages. (Id.). Upon review of the settlement agreement, the attorney's fees and costs are reasonable.

The Court must consider several factors in deciding whether to approve a settlement agreement in an FLSA case. As explained in Bonetti v. Embarq Management Company, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009),

> if the parties submit a proposed FLSA settlement that,(1) constitutes a compromise of the plaintiff's claims; (2) makes a full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

Pursuant to Bonetti and other governing law, the Court approves the compromise reached by the parties in an effort to amicably settle this case. The settlement is fair and represents a reasonable compromise of the parties' dispute.

3

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED** that:

(1) The Joint Motion for Approval of Settlement (Doc. # 31) is **GRANTED.**

(2) The parties' settlement is approved. This case is **DISMISSED** with prejudice.

(3) The Court declines to retain jurisdiction to enforce the terms of the settlement agreement.

(4) The Clerk is directed to **CLOSE** the case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 26th day of April, 2021.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

4